NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0281n.06

Case No. 23-1976

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 27, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| PAMELA D. SUTHERLAND, | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| DCC LITIGATION FACILITY, INC., | ) | O P I N I O N |
| Defendant-Appellee. | ) | |

Before: CLAY, McKEAGUE, and READLER, Circuit Judges.

PER CURIAM. In "one of the world's largest mass tort litigations," scores of women sued Dow Corning claiming that its silicone breast implants caused their health problems. *In re Dow Corning Corp.*, 86 F.3d 482, 486 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (6th Cir. 1996).[1] Hundreds of thousands ultimately joined in a class settlement. *Id.* at 485–86. Others (still thousands) opted out and pressed separate lawsuits. *Id.* at 485.

Pamela Sutherland was one of those who opted out. But in the end, her claim failed. In 2016, the district court granted Dow summary judgment because it said Ms. Sutherland couldn't prove that Dow's implants caused her injuries. Though she offered some proposed experts on that issue, the court excluded them under Federal Rule of Evidence 702 as unreliable. Six years later,

---

[1] We have explained the factual background of these cases in many other published and unpublished opinions. *See, e.g.*, *In re Dow Corning Corp.*, 778 F.3d 545, 547–48 (6th Cir. 2015); *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 520 (6th Cir. 2017). We recount only basic facts here.

Ms. Sutherland asked the court to alter, amend, or provide relief from that judgment under Federal Rules of Civil Procedure 59(e), 60(b)(2), 60(b)(3), and 60(b)(6). She also requested a "final accounting" of the settlement. R.128 at PageID 6387. She thought that relief was appropriate because (1) the United States Food and Drug Administration had recently found cancer "in the scar tissue of silicone breast implants," and (2) information suggested that Dow never fully paid the class settlement. *Id.* at 6388.

The district court denied Ms. Sutherland's requests for three reasons. One: her motions under Rules 59(e), 60(b)(2), and 60(b)(3) were all untimely. Ms. Sutherland had only 28 days to file her motion under Rule 59(e) and one year under the others. Two: she had not shown exceptional or extraordinary circumstances, as required by Rule 60(b)(6). *See* R.138 at PageID 6480 (citing *Buck v. Davis*, 580 U.S. 100, 123 (2017), and *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Three: she was not entitled to an accounting concerning the settlement because she had opted out.

Ms. Sutherland appeals that ruling. She doesn't, however, explain where it went wrong. She instead repeats her theory as to why she believes Dow shorted the settlement class's payout and cites next to no legal authority. Particularly given the fact that she is represented by counsel, her failure to substantively address the district court's analysis is fatal to her appeal. *See United States v. Rich*, Nos. 18-2268 et al., 2021 WL 4144059, at *40 (6th Cir. Sept. 13, 2021); *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014). But even if we put that oversight aside, we don't see any grounds to reverse. The district court correctly described the applicable law and properly applied it to the facts.

We affirm.